THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKI LYNN HOWELL                                                              PLAINTIFF

v.                                    CIVIL NO. 25-cv-02032

FRANK BISIGNANO, Commissioner                                                  DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Vicki Lynn Howell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her application for DIB on March 19, 2021, alleging an inability to work since January 1, 2021, due to PTSD, anxiety, Bipolar I, Tourette's, neuropathy, hypothyroidism, Type II diabetes, migraines, glaucoma, atrial fibrillation, and obesity. (Tr. 17, 218). An administrative hearing was held via telephone on December 8, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 40–66). A vocational expert ("VE") also testified. *Id*.

An unfavorable decision was issued on April 24, 2024. (Tr. 14–39). The ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2026. (Tr. 19). The ALJ found that Plaintiff suffered from several impairments which were severe: headaches, morbid obesity, fibromyalgia, peripheral neuropathy, bipolar disorder, post-traumatic stress disorder, and personality disorder. (Tr. 19–20). The ALJ considered Plaintiff's Tourette's syndrome, diabetes

1

mellitus, kidney disorder, heart valve dysfunction, sleep apnea, and mild arthritic changes and found that these impairments did not have more than a *de minimus* effect on Plaintiff's ability to perform basic work activities and were therefore not "severe" disabling impairments. (Tr. 20). The ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix I. (Tr. 20–21). The ALJ stated that listings were considered for all the impairments and explicitly evaluated listing 12.04, 12.08, and 12.15 for depression, personality and impulse-control disorder, and trauma and stressor related disorders. *Id*. The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb and frequently balance, stoop, kneel and crouch. She can occasionally crawl. The claimant must avoid concentrated exposure to noise, vibration, and hazards such as dangerous machinery and unprotected heights. She can perform work where interpersonal contact is incidental to the work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment and supervision required is simple, direct and concrete.
> (Tr. 21–31).

With the help of a VE, the ALJ determined that Plaintiff was unable to perform any of her past relevant work but would be able to perform the representative occupations of marker, routing clerk, and router. (Tr. 32–33). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from January 1, 2021, through April 24, 2024, the date of the decision. (Tr. 33).

Plaintiff filed this action on March 26, 2025. (ECF No. 2). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 10, 12). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ committed legal error at step two; and 3) whether the ALJ erred in his RFC determination. (ECF No. 10).

Defendant argues the ALJ adequately developed the record, and that Plaintiff's prior attorney was provided additional time to submit medical records and failed to submit records from Plaintiff's cardiologist. (ECF No. 12, p. 2). Defendant argues the ALJ was not required to act as substitute counsel, but only to develop a reasonably complete record. *Id* citing *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014). Defendant argues that the RFC adequately account sfor both Plaintiff's migraines and her cardiac condition, including limitations to no concentrated exposure to noise, vibration, and hazards. (ECF No. 12, p. 7). Defendant discusses Plaintiff's medical records concerning treatment for her migraine headaches, activities of daily living, and reported abilities; but does not address medical records related to Plaintiff's diagnosis with mitral valve regurgitation, or precisely which limitations would have accounted for limitations related to cardiac impairments. (ECF No. 12, pp. 8–10).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of his or her limitations. *Guilliams v. Barnhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

While the ALJ did assign some limitations related to the Plaintiff's migraines, and limited Plaintiff to light work, the ALJ did not clarify how or if any of these limitations accounted for Plaintiff's mitral valve disorder. (ECF No. 21–32). The ALJ did reference Plaintiff's diagnosis with mitral valve disorder but does not discuss how this impairment functionally limited Plaintiff beyond noting that greater restrictions than those accounted for in the RFC are not consistent with the record which includes reports of symptom improvement with medication. (Tr. 23, 28, 30–31).

The only opinion evidence cited by the ALJ comes from state agency medical consultants who offered their opinions before Plaintiff's diagnosis with mitral valve regurgitation (Tr. 30). As Defendant points out the letter from APRN Metcalf was not submitted until the case was before the Appeals Council. (ECF No. 12, p. 2, citing Tr. 9). Prianka Gerrish, M.D., reviewed Plaintiff's

5

records and offered a written opinion on June 5, 2022. (Tr. 74). The records available to Dr. Gerrish included medical records up to March 30, 2022, and there was no cardiac disorder included in the medically determinable impairments for this assessment. (Tr. 70). William Harrison, M.D., reviewed Plaintiff's records and on April 4, 2023, agreed with Dr. Gerrish's opinion that the record supported light work with migraine precautions. (Tr. 84-85). The most recent records available to Dr.Harrison were from April 18, 2023, and medically determinable impairments were listed as: depressive, bipolar and related disorders; fibromyalgia; personality disorders; peripheral neuropathy; glaucoma; osteoarthritis and allied disorders; anxiety and obsessive-compulsive disorders; trauma-and stressor-related disorders; tic disorders. (Tr. 78, 81). No cardiac disorder was listed. Neither of these consultants were able to consider the impact of Plaintiff's mitral valve disorder and subsequent open-heart surgery on her RFC, because Plaintiff herself was unaware of this impairment. Plaintiff's first inkling of this impairment did not occur until three months after Dr. Gerrish's opinion, July 17, 2023, when she noticed her heart had been pounding and asked her treatment provider, APRN Christina Metcalf, for help looking into her heart health. (Tr. 928–32). It was not until August 10, 2023, that Plaintiff underwent an echocardiogram and received a diagnosis of moderate to severe rheumatic stenosis with moderate to severe regurgitation, and moderate regurgitation at the tricuspid valve. (Tr. 917–21). The ALJ did not consider any evidence regarding the impact of Plaintiff's heart disease on her RFC, and did not have any opinion evidence in the record which addressed limitations related to her mitral valve impairment.

While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base his opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence

where ALJ fails to develop record fully); and, *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision). Defendant's argument that the ALJ is being asked to substitute for Plaintiff's counsel is unpersuasive in this case, as the ALJ is required to gather more evidence if there is not sufficient evidence in record to make a decision. This is not a case, such as in *Whitman*, where Plaintiff failed to seek medical care, but rather a case in which the ALJ required more evidence regarding the functional limitations imposed by an impairment which he was aware existed and which Plaintiff was actively seeking care for, including surgery. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) ("The ALJ 'may not simply draw his own inferences about plaintiff's functional ability from medical reports." (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004))). In this case, evidence regarding the limitations Plaintiff's cardiac impairments would impose was not developed. *See Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985) ("It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.")

The Court believes remand is necessary for the ALJ to more fully develop the record, and then more fully and clearly account for all of Plaintiff's limitations in the RFC determination.

### III.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 30th day of September 2025

            *Christy Comstock*
            HON. CHRISTY COMSTOCK
            UNITED STATES MAGISTRATE JUDGE